[Humphrey v. Worth Township.]

# Humphrey, Executor, etc. *versus* Poor District of Worth Township.

1. A., in consideration of the conveyance of a tract of land to him by B., agreed to support B. during her life, and to give her a Christian burial. B., afterwards became a pauper and was provided for by the overseers of the Poor District in which she lived. A. thereupon agreed with said overseers to commute and compromise with them his contract with B. for the sum of $1,500, which was to be paid in annual installments of $150 each. B. afterwards died, leaving in the hands of the overseers a portion of one of the yearly installments paid by A. Suit having been brought by B.'s executor against said overseers to recover the amount thus left in their hands, *Held*, that B. not being a party to the contract of commutation between A. and the overseers, and not bound in any way thereby, her representative was not entitled to set up any rights thereunder; and that hence defendants were entitled to judgment.

2. Who was entitled to the fund in question, and also to the balance of the $1,500 unpaid by A., not decided.

November 16th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Butler county:* Of October and November Term 1881, No. 316.

Assumpsit, by John Humphrey, executor of Eleanor Hines, deceased, against the Poor District of Worth Township, to recover the sum of $139.40, being a balance admitted to be in the defendant's possession under the following circumstances:

In 1879, Eleanor Hines, an aged and infirm woman, conveyed to one Wimer certain real estate, in consideration whereof the said Wimer entered into a written agreement with her to support her during her life and to give her a Christian burial. She afterwards left his house and became a charge upon the Poor District. Wimer then agreed with the overseers to compromise and commute, with them, his contract with Mrs. Hines for the sum of $1,500, payable $150 each year, for which he gave them his bond, and they released him from his obligation under his contract with Mrs. Hines. After the death of Mrs. Hines, and her burial by the overseers, there remained in their hands out of the moneys received by them from Wimer the said sum of $139.40, to recover which sum her executor brought this suit.

The plaintiff presented, inter alia, the following point: 2. That under all the proofs, the defendants were the trustees of Nellie Hines for said amount of fifteen hundred dollars, the amount of Samuel Wimer, Jr.'s, bond to the defendant, for the

[Humphrey *v.* Worth Township.]

uses pointed out by law, to wit: To defray the expenses incurred in her support and burial, then to pay the balance over to her legal representative, the plaintiff executor, and therefore the plaintiff must recover. *Answer.* We refuse to instruct you, as prayed for in this point. This point involves a question of law, upon our view of it, and refusing this point under the circumstances, your verdict must necessarily be a verdict for the defendant.

Verdict accordingly for the defendant, and judgment thereon. The plaintiff took this writ of error, assigning for error the refusal of the above point and the instruction to find for the defendant.

*Lewis Z. Mitchell* (*Charles McCandless* with him), for the plaintiff in error.—Under the Act of June 13th 1836, the overseers had the right to enforce the pauper's rights under her contract with Wimer. Their act in compromising her rights was within their discretion. They did no more than the pauper had a right to do. The commutation money thereupon became part of her estate, of which the overseers became her trustees for the purposes provided by law, viz., to support her, and after her death pay over the balance in their hands to her representatives. If the fund does not belong to her estate, whose is it? It cannot belong to Wimer, nor to the Poor District.

*J. M. Thompson* (*G. W. Fleeger* with him), for the defendant in error.

Mr. Justice TRUNKEY delivered the opinion of the court, November 25th 1881.

In consideration of the conveyance of a tract of land by Eleanor Hines, Samuel Wimer obligated himself "for the maintenance of said Eleanor Hines her natural lifetime and give her a Christian burial." Subsequently, she became a pauper in the district of Worth and was provided for by the overseers of the poor. On April 5th 1875, Wimer gave his bond to said overseers conditioned for the payment of $1,500, in annual installments of $150; and they gave him a release from all liability for the maintenance of Eleanor Hines. The overseers of the poor had a statutory right to compel Wimer to pay them the expenses of maintaining the pauper, for he owed her that debt; but they had no power to release him from the obligation of his contract. She was not a party to the release. She might have released him, but did not. Had she ceased to be a charge on the district, while living, she could have recovered from Wimer the value of her maintenance as if the release had not been given. All he owed to her was maintenance during life and burial at her death. Her heirs, or legatees,

[Humphrey *v.* Worth Township.]

have no claim on him ; there is no equity in them as respects his contract with the district. Were she living and not a pauper, she would have no right of action against the Poor District, and her executor has none. The district supported her and Wimer paid the cost.

If the pauper had property which came into the hands of the overseers they could use it so far as necessary to reimburse their outlay on her behalf, and would be bound to pay any ballance remaining to her representatives. In case a person, liable for her support, placed money in the hands of the overseers for that purpose, the overplus, equitably, would belong to him ; there is no reason why it should be considered a part of her estate. Upon a contract merely for support and funeral expenses of a person, the total amount which shall be paid is very uncertain, but it cannot lawfully be made to exceed the value of the fit support and burial of such person. Nothing will be left out of such contract for heirs or legatees. Compromises by trustees inure to the benefit of those for whom they act; but Eleanor Hines had no part nor interest in this compromise, and the overseers did not pretend to act for her. They acted for the district in the enforcement of her contract with Wimer for her support. The executor has as little right to recover as if Wimer, in the performance of that contract, had placed the money in the hands of the overseers to be used for her maintenance. We forbear expression of opinion respecting the right to the money on hand, or which remains unpaid upon Wimer's bond, as between him and the Poor District.

It is unnecessary to notice a point which, apparently, the defendant did not press in the court below, namely, that the plaintiff should have given security to indemnify the overseers before bringing suit.

The assignments of error cannot be sustained.

Judgment affirmed.